# EXHIBIT A

U.S. Department of Homeland Security

# Warrant for Arrest of Alien

File No. A215 768 856
Event No:RGC1806000607
FINS #:
Date: June 28, 2018

**To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:
ALEX OMAR HERRERA-SOLIS
(Full name of alien)

an alien who entered the United States at or near ROMA, TEXAS (Port) on June 27, 2018 (Date) is within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

(Signature of Designated Immigration Officer)
ROBERT RAMONES
(Print name of Designated Immigration Officer)
ACTING PATROL AGENT IN CHARGE
(Title)

## Certificate of Service

Served by me at MCALLEN, TEXAS on June 28, 2018 at 10:58 AM.
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

MAURICIO SALDANA
(Signature of officer serving warrant)
BORDER PATROL AGENT
(Title of officer serving warrant)

Form I-200 (Rev. 08/01/07) N

U.S. Department of Homeland Security

# Warrant for Arrest of Alien

File No. A215 768 856
Event No:RGC1806000607
FINS #:
Date: June 28, 2018

**To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:
ALEX OMAR HERRERA-SOLIS
(Full name of alien)

an alien who entered the United States at or near ROMA, TEXAS (Port) on June 27, 2018 (Date) is within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

Robert Ramones by R.S.
(Signature of Designated Immigration Officer)
ROBERT RAMONES
(Print name of Designated Immigration Officer)
ACTING PATROL AGENT IN CHARGE
(Title)

## Certificate of Service

Served by me at MCALLEN, TEXAS on June 28, 2018 at 10:58 AM.
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

MAURICIO SALDANA
(Signature of officer serving warrant)
BORDER PATROL AGENT
(Title of officer serving warrant)

Form I-200 (Rev. 08/01/07) N

# EXHIBIT B

DEPARTMENT OF HOMELAND SECURITY

# NOTICE OF CUSTODY DETERMINATION

Alien's Name: ALEX OMAR HERRERA-SOLIS

A-File Number: A215 768 856

Date: 06/28/2018

Event ID: RGC1806000607 Subject ID: 361780487 FIN:

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

☒ Detained by the Department of Homeland Security.

☐ Released (check all that apply):

- ☐ Under bond in the amount of $ ____________
- ☐ On your own recognizance.
- ☐ Under other conditions. [Additional document(s) will be provided.]

ROBERT RAMONES
Name and Signature of Authorized Officer

06/28/2018 1058
Date and Time of Custody Determination

ACTING PATROL AGENT IN CHARGE
Title

MCALLEN, TEXAS
Office Location/Address

You may request a review of this custody determination by an immigration judge.

☒ I acknowledge receipt of this notification, and

- ☒ I **do** request an immigration judge review of this custody determination.
- ☐ I **do not** request an immigration judge review of this custody determination.

Parent/Conservator refused to sign. Witnessed by:

Signature of Alien

Jun 27, 2018
Date

The contents of this notice were read to ALEX OMAR HERRERA-SOLIS (Name of Alien) in the SPANISH (Name of Language) language.

MAURICIO SALDANA
Name and Signature of Officer

MAURICIO SALDANA
Name or Number of Interpreter (if applicable)

BORDER PATROL AGENT
Title

DEPARTMENT OF HOMELAND SECURITY

# NOTICE OF CUSTODY DETERMINATION

Alien's Name: ALEX OMAR HERRERA-SOLIS

A-File Number: A215 768 856

Date: 06/28/2018

Event ID: RGC1806000607 Subject ID: 361780487 FIN:

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

☒ Detained by the Department of Homeland Security.

☐ Released (check all that apply):

- ☐ Under bond in the amount of $ ________
- ☐ On your own recognizance.
- ☐ Under other conditions. [Additional document(s) will be provided.]

ROBERT RAMONES Robert Ramones [signature]
Name and Signature of Authorized Officer

06/28/2018 1058
Date and Time of Custody Determination

ACTING PATROL AGENT IN CHARGE
Title

MCALLEN, TEXAS
Office Location/Address

You may request a review of this custody determination by an immigration judge.

☒ I acknowledge receipt of this notification, and

- ☒ I **do** request an immigration judge review of this custody determination.
- ☐ I **do not** request an immigration judge review of this custody determination.

Parent/Conservator refused to sign. Witnessed by: [signature]

________________________
Signature of Alien

Jun 27, 2018
Date

The contents of this notice were read to ALEX OMAR HERRERA-SOLIS (Name of Alien) in the SPANISH (Name of Language) language.

MAURICIO SALDANA [signature]
Name and Signature of Officer

MAURICIO SALDANA
Name or Number of Interpreter (if applicable)

BORDER PATROL AGENT
Title

DHS Form I-286 (1/14)

# EXHIBIT C

U.S. Department of Homeland Security

# Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID:361780487

File No: A215 768 856

DOB: 10/12/2004

Event No:RGC1806000607

In the Matter of:

Respondent: ALEX OMAR HERRERA-SOLIS currently residing at:

UNITED STATES

(Number, street, city and ZIP code) (Area code and phone number)

☐ 1. You are an arriving alien.

☒ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of HONDURAS and a citizen of HONDURAS ;
3. You arrived in the United States at or near ROMA, TEXAS, on or about June 27, 2018;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐8CFR 208.30(f)(2) ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

AT A PLACE TO BE SET

*(Complete Address of Immigration Court, including Room Number, if any)*

on a date to be set (*Date*) at a time to be set (*Time*) to show why you should not be removed from the United States based on the charge(s) set forth above.

ROBERT RAMONES ACTING PATROL AGENT IN CHARGE

*(Signature and Title of Issuing Officer)*

Date: June 28, 2018

MCALLEN, TEXAS

*(City and State)*

**See reverse for important information**

Form I-862 (Rev. 08/01/07) N

## Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before:

_______________________
*(Signature of Respondent)*

Date: _______________

_______________________
*(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on June 28, 2018, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person [ ] by certified mail, returned receipt requested [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

MAURICIO SALDANA BORDER PATROL AGENT

_______________________
(Signature of Respondent if Personally Served)

_______________________
(Signature and Title of officer)

Parent/Conservator refused to sign. Witnessed by:

# EXHIBIT D

UC

U.S. Department of Homeland Security

# Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID:361780487

File No: A215 768 856

DOB: 10/12/2004

Event No:RGC1806000607

In the Matter of:

Respondent: ALEX OMAR HERRERA-SOLIS currently residing at:

SWK Casa Phoenix
1201 S. 7th Avenue
Phoenix, AZ 85007

~~UNITED STATES~~

(Number, street, city and ZIP code) (Area code and phone number)

2018 SEP 12 PM 3:26

☐ 1. You are an arriving alien.

☒ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of HONDURAS and a citizen of HONDURAS ;
3. You arrived in the United States at or near ROMA, TEXAS, on or about June 27, 2018;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐8CFR 208.30(f)(2) ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

~~AT A PLACE TO BE SET~~

EOIR, 250 N. 7th Avenue, Suite 300, Phoenix, AZ 85007

*(Complete Address of Immigration Court, including Room Number, if any)*

on October 31, 2019 ~~a date to be set~~ at 0830 Am ~~a time to be set~~ to show why you should not be removed from the United States based on the

*(Date)* *(Time)*

charge(s) set forth above.

ROBERT RAMONES ACTING PATROL AGENT IN CHARGE

*(Signature and Title of Issuing Officer)*

Date: June 28, 2018

MCALLEN, TEXAS

*(City and State)*

**See reverse for important information**

Form I-862 (Rev. 08/01/07) N

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

*Office of the Chief Counsel* *2035 N. Central Avenue, Phoenix, AZ 85004*

**Date:** 9/11/18

# Notice To Appear (NTA) Filing

☑ Detained Juvenile – NTA is attached.

☐ Detained Juvenile ***(Parent in ICE Custody. Need to expedite)*** – NTA is attached.

☐ Non-Detained Juvenile – NTA and DNF/ORR are attached.

☐ Family Unit (AWC-ATD) – NTA is attached.

- ☐ Linked
- ☐ Consolidated

Alien's Information:

Lead: A 215 768 856

Rider(s): ____________

ICE Attorney: CLEGG

UC

U.S. Department of Homeland Security

# Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID:361780487

File No: A215 768 856

DOB: 10/12/2004

Event No:RGC1806000607

In the Matter of:

Respondent: ALEX OMAR HERRERA-SOLIS currently residing at:

~~UNITED STATES~~ SWK Casa Phoenix 1201 S. 7th Avenue Phoenix, AZ 85007

(Number, street, city and ZIP code) (Area code and phone number)

☐ 1. You are an arriving alien.

☒ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of HONDURAS and a citizen of HONDURAS ;
3. You arrived in the United States at or near ROMA, TEXAS, on or about June 27, 2018;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐8CFR 208.30(f)(2) ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

~~AT A PLACE TO BE SET~~

EOIR, 250 N. 7th Avenue, Suite 300, Phoenix, AZ. 85007

*(Complete Address of Immigration Court, including Room Number, if any)*

on OCTOBER 31, 2018 ~~a date to be set~~ at 0830 AM ~~a time to be set~~ to show why you should not be removed from the United States based on the

*(Date)* *(Time)*

charge(s) set forth above.

ROBERT RAMONES ACTING PATROL AGENT IN CHARGE

*(Signature and Title of Issuing Officer)*

Date: June 28, 2018

MCALLEN, TEXAS

*(City and State)*

**See reverse for important information**

Form I-862 (Rev. 08/01/07) N

## Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before:

______________________________ *(Signature of Respondent)*

Date: ______________

______________________________ *(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on June 28, 2018, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person [ ] by certified mail, returned receipt requested [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

MAURICIO SALDANA BORDER PATROL AGENT

(Signature of Respondent if Personally Served) Parent/Conservator refused to sign. Witnessed by: M.S. (Signature and Title of officer)

Notice to Respondent

Warning: Any statement you make may be used against you in removal proceedings.

Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

Failure to appear: You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

Mandatory Duty to Surrender for Removal: If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before:

_______________________ (Signature of Respondent)

Date: __________

_______________________ (Signature and Title of Immigration Officer)

**Certificate of Service**

This Notice To Appear was served on the respondent by me on SEP 1 0 2018, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

☐ in person ☐ by certified mail, returned receipt requested ☑ by regular mail IN CARE OF

☐ Attached is a credible fear worksheet. IVONNE VELAZQUEZ - SUPERVISOR FEDERAL FIELD SPECIALIST

☐ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ______________ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_______________________ (Signature of Respondent if Personally Served)

S. Clark [signature] Deportation Officer (Signature and Title of officer)

# EXHIBIT E

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
250 N 7TH AVENUE, SUITE 300
PHOENIX, AZ 85007

ICE-OCC PHOENIX 2018 OCT 19 P 3:31

HERRERA-SOLIS, ALEX OMAR
C/O SOLIS LOPEZ, BRENDA YAMILE
51 E NICHOLAI ST
HICKSVILLE, NY 11801

In the matter of HERRERA-SOLIS, ALEX OMAR — File A 215-768-856 — DATE: Oct 16, 2018

__ Unable to forward - No address provided.

__ Attached is a copy of the decision of the Immigration Judge. This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

Board of Immigration Appeals
Office of the Clerk
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

__ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

IMMIGRATION COURT
250 N 7TH AVENUE, SUITE 300
PHOENIX, AZ 85007

__ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available. However, you may file a petition for review within 30 days with the appropriate Circuit Court of Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

__ Attached is a copy of the decision of the immigration judge relating to a Credible Fear Review. This is a final order. No appeal is available.

_X_ Other: IJ Order for Motion to Change of Venue.

COURT CLERK
IMMIGRATION COURT FF

cc: DISTRICT COUNSEL
2035 N. CENTRAL AVENUE
PHOENIX, AZ, 850040000

PLAnet

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
250 N 7TH AVENUE, SUITE 300
PHOENIX, AZ 85007

ON BEHALF OF RESPONDENT:

HERRERA-SOLIS, ALEX OMAR
C/O SOLIS LOPEZ, BRENDA YAMILE
51 E NICHOLAI ST
HICKSVILLE, NY 11801

DATE: 10/16/18

IN THE MATTER OF
HERRERA-SOLIS, ALEX OMAR

FILE NO. A215-768-856
IN REMOVAL PROCEEDINGS

ON BEHALF OF DEPARTMENT OF
HOMELAND SECURITY:
DISTRICT COUNSEL
2035 N. CENTRAL AVENUE
PHOENIX, AZ 850040000

ORDER

Upon due consideration of the Motion for Change of Venue and
_____ non-opposition by the opposing party, or
_____ opposing party was given notice and had an opportunity to respond

in the above entitled matter, it is HEREBY ORDERED; that venue is changed to Immigration Court at **New York, NY**
in order to permit the respondent to defend himself/herself in the area in which he/she resides.
The Alien's current address is: C/O SOLIS LOPEZ, BRENDA YAMILE
51 E NICHOLAI ST
HICKSVILLE, NY 11801

LINDA I. SPENCER-WALTERS for FRANK M. TRAVIESO
Immigration Judge HW

Appeal:
Appeal Due By:

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [M] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN'S ATT/REP [M] DHS
DATE: 10/16/18 BY: COURT STAFF bw
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ]OTHER

EXHIBIT F

14/40

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
26 FEDERAL PLZ, 12TH FL RM1237
NEW YORK, NY 10278

Immigrant Justice Corps c/o CARECEN
Argueta, Emerson G
91 North Franklin Street
Suite 208
Hempstead, NY 11550

In the matter of
HERRERA-SOLIS, ALEX OMAR

File A 215-768-856

DATE: Jul 29, 2021

__ Unable to forward - No address provided.

__ Attached is a copy of the decision of the Immigration Judge. This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

Board of Immigration Appeals
Office of the Clerk
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

__ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

IMMIGRATION COURT
26 FEDERAL PLZ, 12TH FL RM1237
NEW YORK, NY 10278

__ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available. However, you may file a petition for review within 30 days with the appropriate Circuit Court of Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

__ Attached is a copy of the decision of the immigration judge relating to a Credible Fear Review. This is a final order. No appeal is available.

X Other: MS

COURT CLERK
IMMIGRATION COURT

FF

cc:

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NY

| | | |
|---|---|---|
| IN THE MATTER OF | ) | IN REMOVAL PROCEEDINGS |
| | ) | DATE: Jul 28, 2021 |
| | ) | |
| HERRERA-SOLIS, ALEX OMAR | | |
| | ) | |
| Respondent(s) | ) | FILE NO.: A# 215-768-856 |
| | ) | |

DECISION ON REMOVABILITY

The respondent, through counsel, has submitted written pleadings. Based upon the record presented, including any admissions of factual allegations and concessions to the charge(s) by the respondent, the Court finds the respondent removable from the United States as charged pursuant to (212)(a)(06)(A)(i )( ).

The court hereby directs HONDURAS ______________________ as the country of removal in this case.

SCHEDULING ORDER

1. The respondent must file any applications, prima facie evidence of eligibility, legal briefs, and supporting documents within 60 days of the date of this order. A copy of the applications and supporting documents must be served on the Department of Homeland Security.

2. Either party may file a dispositive motion, stipulation, or joint motion at any time.

3. The respondent has been provided a copy of a notice and instructions to provide biometrics and other biographical information to DHS. Failure to comply with these instructions or to provide biometrics or other biographical information to DHS may result in a finding that any applications for covered forms of relief have been abandoned, unless good cause for the failure to comply is shown. 8 C.F.R. § 1003.47(c).

4. Failure to abide by the deadlines specified in this order may result in a finding that the opportunity to file applications for relief has been waived. 8 C.F.R. § 1003.31(c); see also Matter of R-R-, 20 I&N Dec. 547, 549 (BIA 1992).

5. The Department of Homeland Security must confirm in writing whether the respondent has complied with biometrics and other biographical information requirements at least 30 days before the scheduled hearing. The respondent has 10 days to respond to the Department's filing.

So ordered.

JUL 28 2021
Date

Assistant Chief
Immigration Judge

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL [M] PERSONAL SERVICE [P] ELECTRONIC SERVICE [E]
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [ ] DHS
DATE: 7-28-21 BY: IJ / COURT STAFF
[ ] BIOMETRICS

M5

# EXHIBIT G

## SUFFOLK COUNTY FIRST DISTRICT COURT

400 CARLETON AVE, # 1, Bld: DISTRICT COURT, CENTRAL ISLIP, SUFFOLK NY USA 11722

--- DISTRICT - DOCKET NOS. ---

**MISDEMEANOR INFORMATION**

| |
|---|
| CC Number: 26C0391340 |
| Arrest/Request #: 09805-26 |
| Relationship: |
| Arrest Date & Time: 06/14/2026 01:54 |

Docket #: ____________

The People of the State of New York -vs- **PIN: 802190 HERRERASOLIS, ALEX DOB: 10/12/2004** } Defendant

NAME (COMPLAINANT): PID 41511, STEINMAN, TIMOTHY #PO/7218/110,

OF 30 YAPHANK AVE, YAPHANK, SUFFOLK NY USA

BEING DULY SWORN, SAYS THAT ON OR ABOUT 06/14/2026, AT APPROXIMATELY 01:38 AM

AT 51ST ST AND COPIAGUE RD, NORTH LINDENHURST NY USA 11757, IN THE TOWN OF BABYLON,

COUNTY OF SUFFOLK, STATE OF NEW YORK, THE DEFENDANT, HERRERASOLIS, ALEX, D.O.B. 10/12/2004,

OF 1093 BAY SHORE AVE, BAYWOOD, SUFFOLK NY USA 11706, IN THE TOWN OF ISLIP,

COMMITTED THE OFFENSE(S) OF:

OPERATE MOTOR VEH WITH .08 OF 1% ALCOHOL OR MORE IN BLOOD- 1ST OFFENSE

IN VIOLATION OF SECTION 1192 02 (M, U, DEG 0) OF THE NYS VEHICLE TRAFFIC LAW

Count # 1

IN THAT: 1192. OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS. 2. DRIVING WHILE INTOXICATED; PER SE. NO PERSON SHALL OPERATE A MOTOR VEHICLE WHILE SUCH PERSON HAS .08 OF ONE PER CENTUM OR MORE BY WEIGHT OF ALCOHOL IN THE PERSON'S BLOOD AS SHOWN BY CHEMICAL ANALYSIS OF SUCH PERSON'S BLOOD. BREATH, URINE OR SALIVA, MADE PURSUANT TO THE PROVISIONS OF SECTION ELEVEN HUNDRED NINETY-FOUR OF THIS ARTICLE.

TO WIT:
THE DEFENDANT, ALEX HERRERA SOLIS (DOB: 10/21/2004), AT 51ST STREET AND COPIAGUE ROAD, A PUBLIC HIGHWAY, NORTH LINDENHURST, IN THE TOWN OF BABYLON, COUNTY OF SUFFOLK, STATE OF NEW YORK, ON OR ABOUT JUNE14TH, 2026. AT APPROXIMATELY 1:38 AM, OPERATED A MOTOR VEHICLE WHILE HE HAD .08 OF ONE PER CENTUM OR MORE BY WEIGHT OF ALCOHOL IN HIS BLOOD AS SHOWN BY CHEMICAL ANALYSIS OF HIS BLOOD, BREATH, URINE OR SALIVA; IN THAT, WHILE CANVASSING FOR A VEHICLE REPORTED TO BE INVOLVED IN A REPORTABLE MOTOR VEHICLE ACCIDENT, YOUR DEPONENT OBSERVED A BLACK 2019 DODGE CHARGER BEARING NEW YORK REGISTRATION LGM2129, WHICH MATCHED THE DESCRIPTION OF THE VEHICLE YOUR DEPONENT WAS CANVASSING FOR, STOPPED IN THE VICINITY OF 51ST STREET AND COPIAGUE ROAD, A PUBLIC HIGHWAY, IN NORTH LINDENHURST, SUFFOLK COUNTY, NEW YORK, WITH SIGNIFICANT FRONT END DAMAGE. UPON APPROACHING THE ABOVE LISTED VEHICLE, YOUR DEPONENT OBSERVED THE DEFENDANT, ALEX HERRERA SOLIS (DOB: 10/21/2004), SEATED IN THE REAR SEAT OF THE ABOVE LISTED VEHICLE. UPON ASKING THE DEFENDANT TO EXIT THE ...

THIS CHARGE IS BASED UPON COMPLAINANT'S PERSONAL KNOWLEDGE AND ON INFORMATION AND BELIEF, THE SOURCE(S) BEING: ATTACHED INTOXILYZER 9000 PRINTOUT; ATTACHED SUPPORTING DEPOSITION OF PO RIVERA, SHIELD NO. 7513, DATED 06/04/2026; ATTACHED SWORN STATEMENT OF ALEX HERRARA SOLIS (DOB: 10/12/2004), DATED 06/14/2026.

**FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW, STATE OF NEW YORK.**

**Police Officer T. STEINMAN #PO/7218** — **06/14/2026 07:51**
Complainant - if Police Officer, Rank, Shield — Date
Electronically signed, authenticated by password

**Sergeant B. CAMILLERI #SGT/1238** — **06/14/2026 08:18**
Signature of Official Administering Oath — Date
Electronically signed, authenticated by password

## SUFFOLK COUNTY FIRST DISTRICT COURT

400 CARLETON AVE, # 1, Bld: DISTRICT COURT, CENTRAL ISLIP, SUFFOLK NY USA 11722

—————— DISTRICT - DOCKET NOS. ——————

**MISDEMEANOR INFORMATION**

| |
|---|
| CC Number: 26C0391340 |
| Arrest/Request #: 09805-26 |
| Relationship: |
| Arrest Date & Time: 06/14/2026 01:54 |

Docket #:________________________________

The People of the State of New York -vs- PIN: 802190 HERRERA SOLIS, ALEX DOB: 10/12/2004 } Defendant

Count # 1

**— CONTINUED FROM PREVIOUS PAGE —**

**TO WIT:**

...ABOVE LISTED VEHICLE, YOUR DEPONENT SUBSEQUENTLY RECOVERED THE KEYS TO THE ABOVE LISTED VEHICLE FROM THE DEFENDANT'S PERSON. WHILE SPEAKING WITH THE DEFENDANT, YOUR DEPONENT OBSERVED THE DEFENDANT TO HAVE BLOODSHOT, GLASSY EYES, SLURRED SPEECH, AND HAD THE STRONG ODOR OF AN ALCOHOLIC BEVERAGE EMANATING FROM HIS BREATH. YOUR DEPONENT FURTHER OBSERVED THE DEFENDANT TO BE UNSTEADY ON HIS FEET, STUMBLING AND SWAYING WHILE YOUR DEPONENT WAS SPEAKING TO THE DEFENDANT. THE DEFENDANT STATED TO YOUR DEPONENT IN SUM AND SUBSTANCE, "I WAS COMING FROM THAT WAY, I AM JUST TRYING TO GO HOME." THE DEFENDANT FURTHER STATED TO YOUR DEPONENT IN SUM AND SUBSTANCE, "I HAD TWO MODELOS." BASED ON YOUR DEPONENT'S TRAINING, KNOWLEDGE, AND EXPERIENCE AS A POLICE OFFICER IN THE RECOGNITION OF INTOXICATED AND IMPAIRED INDIVIDUALS, YOUR DEPONENT'S DIRECT OBSERVATIONS OF THE DEFENDANT, AND THE ORAL STATEMENTS OF THE DEFENDANT TO YOUR DEPONENT IN SUM AND SUBSTANCE, "I WAS COMING FROM THAT WAY, I AM JUST TRYING TO GO HOME," AND "I HAD TWO MODELOS," YOUR DEPONENT DETERMINED THE DEFENDANT TO BE INTOXICATED. THE DEFENDANT WAS PLACED UNDER ARREST FOR DRIVING WHILE INTOXICATED AND TRANSPORTED TO THE SUFFOLK COUNTY POLICE DEPARTMENT FIRST PRECINCT FOR ARREST PROCESSING. WHILE AT THE SUFFOLK COUNTY POLICE DEPARTMENT FIRST PRECINCT, THE DEFENDANT CONSENTED TO A CHEMICAL TEST OF HIS BREATH, PROVIDING A POSITIVE BREATH SAMPLE OF 0.14% BAC. THIS ARREST IS BASED IN PART ON YOUR DEPONENT'S TRAINING, KNOWLEDGE, AND EXPERIENCE AS A POLICE OFFICER IN THE RECOGNITION OF INTOXICATED AND IMPAIRED INDIVIDUALS, YOUR DEPONENT'S DIRECT OBSERVATIONS OF THE DEFENDANT, AND THE ORAL STATEMENTS OF THE DEFENDANT TO YOUR DEPONENT IN SUM AND SUBSTANCE, "I WAS COMING FROM THAT WAY, I AM JUST TRYING TO GO HOME," AND "I HAD TWO MODELOS." THIS ARREST IS ADDITIONALLY BASED IN PART ON THE ATTACHED SWORN STATEMENT OF THE DEFENDANT, ALEX HERRERA SOLIS (DOB: 10/21/2004), DATED 06/14/2026. THIS ARREST IS FURTHER BASED IN PART ON THE ATTACHED INTOXILYZER 9000 PRINTOUT, AS WELL AS THE ATTACHED SUPPORTING DEPOSITION OF PO RIVERA, SHIELD NO. 7513, DATED 06/14/2026.

THIS CHARGE IS BASED UPON COMPLAINANT'S PERSONAL KNOWLEDGE AND ON INFORMATION AND BELIEF, THE SOURCE(S) BEING: ATTACHED INTOXILYZER 9000 PRINTOUT; ATTACHED SUPPORTING DEPOSITION OF PO RIVERA, SHIELD NO. 7513, DATED 06/04/2026; ATTACHED SWORN STATEMENT OF ALEX HERRARA SOLIS (DOB: 10/12/2004), DATED 06/14/2026.

**FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW, STATE OF NEW YORK.**

**Police Officer T. STEINMAN #PO/7218** — **06/14/2026 07:51**

Complainant - if Police Officer, Rank, Shield — Date

Electronically signed, authenticated by password

**Sergeant B. CAMILLERI #SGT/1238** — **06/14/2026 08:18**

Signature of Official Administering Oath — Date

Electronically signed, authenticated by password

# SUFFOLK COUNTY FIRST DISTRICT COURT

400 CARLETON AVE, # 1, Bld: DISTRICT COURT, CENTRAL ISLIP, SUFFOLK NY USA 11722

——— DISTRICT - DOCKET NOS. ———
**MISDEMEANOR INFORMATION**

| | |
|---|---|
| CC Number: 26C0391340 | |
| Arrest/Request #: 09805-26 | |
| Relationship: | |
| Arrest Date & Time: 06/14/2026 01:54 | |

Docket #: ______________________

The People of the State of New York -vs-

PIN: 802190
**HERRERASOLIS, ALEX**
**DOB: 10/12/2004**
} Defendant

NAME (COMPLAINANT): PID 41511, STEINMAN, TIMOTHY #PO/7218/110,

OF 30 YAPHANK AVE, YAPHANK, SUFFOLK NY USA

BEING DULY SWORN, SAYS THAT ON OR ABOUT 06/14/2026, AT APPROXIMATELY 01:38 AM

AT 51ST ST AND COPIAGUE RD, NORTH LINDENHURST NY USA 11757, IN THE TOWN OF BABYLON,

COUNTY OF SUFFOLK, STATE OF NEW YORK, THE DEFENDANT, HERRERASOLIS, ALEX, D.O.B. 10/12/2004,

OF 1093 BAY SHORE AVE, BAYWOOD, SUFFOLK NY USA 11706, IN THE TOWN OF ISLIP,

COMMITTED THE OFFENSE(S) OF:

DRIVING WHILE INTOXICATED- 1ST OFFENSE

IN VIOLATION OF SECTION 1192 03 (M, U, DEG 0) OF THE NYS VEHICLE TRAFFIC LAW

Count # 2

IN THAT: OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS: DRIVING WHILE INTOXICATED. NO PERSON SHALL OPERATE A MOTOR VEHICLE WHILE IN AN INTOXICATED CONDITION.

TO WIT:
THE DEFENDANT, ALEX HERRERA SOLIS (DOB: 10/21/2004), AT 51ST STREET AND COPIAGUE ROAD, A PUBLIC HIGHWAY, NORTH LINDENHURST, IN THE TOWN OF BABYLON, COUNTY OF SUFFOLK, STATE OF NEW YORK, ON OR ABOUT JUNE14TH, 2026, AT APPROXIMATELY 1:38 AM, OPERATED A MOTOR VEHICLE WHILE IN AN INTOXICATED CONDITION; IN THAT, WHILE CANVASSING FOR A VEHICLE REPORTED TO BE INVOLVED IN A REPORTABLE MOTOR VEHICLE ACCIDENT, YOUR DEPONENT OBSERVED A BLACK 2019 DODGE CHARGER BEARING NEW YORK REGISTRATION LGM2129, WHICH MATCHED THE DESCRIPTION OF THE VEHICLE YOUR DEPONENT WAS CANVASSING FOR, STOPPED IN THE VICINITY OF 51ST STREET AND COPIAGUE ROAD, A PUBLIC HIGHWAY, IN NORTH LINDENHURST, SUFFOLK COUNTY, NEW YORK, WITH SIGNIFICANT FRONT END DAMAGE. UPON APPROACHING THE ABOVE LISTED VEHICLE, YOUR DEPONENT OBSERVED THE DEFENDANT, ALEX HERRERA SOLIS (DOB: 10/21/2004), SEATED IN THE REAR SEAT OF THE ABOVE LISTED VEHICLE. UPON ASKING THE DEFENDANT TO EXIT THE ABOVE LISTED VEHICLE, YOUR DEPONENT SUBSEQUENTLY RECOVERED THE KEYS TO THE ABOVE LISTED VEHICLE FROM THE DEFENDANT'S PERSON. WHILE SPEAKING WITH THE DEFENDANT, YOUR DEPONENT OBSERVED THE DEFENDANT TO HAVE BLOODSHOT, GLASSY EYES, SLURRED SPEECH, AND HAD THE STRONG ODOR OF AN ALCOHOLIC BEVERAGE EMANATING FROM HIS BREATH. YOUR DEPONENT FURTHER OBSERVED THE DEFENDANT TO BE UNSTEADY ON HIS FEET, STUMBLING AND SWAYING WHILE YOUR DEPONENT WAS SPEAKING TO THE DEFENDANT. THE DEFENDANT STATED TO YOUR DEPONENT IN ..

THIS CHARGE IS BASED UPON COMPLAINANT'S PERSONAL KNOWLEDGE AND ON INFORMATION AND BELIEF, THE SOURCE(S) BEING: ATTACHED SWORN STATEMENT OF ALEX HERRARA SOLIS (DOB: 10/12/2004), DATED 06/14/2026.

**FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW, STATE OF NEW YORK.**

**Police Officer T. STEINMAN #PO/7218**
Complainant - if Police Officer, Rank, Shield
Electronically signed, authenticated by password

**06/14/2026 07:51**
Date

**Sergeant B. CAMILLERI #SGT/1238**
Signature of Official Administering Oath
Electronically signed, authenticated by password

**06/14/2026 08:18**
Date

## SUFFOLK COUNTY FIRST DISTRICT COURT
400 CARLETON AVE, # 1, Bld: DISTRICT COURT, CENTRAL ISLIP, SUFFOLK NY USA 11722

——— DISTRICT - DOCKET NOS. ———
MISDEMEANOR INFORMATION

| |
|---|
| CC Number: 26C0391340 |
| Arrest/Request #: 09805-26 |
| Relationship: |
| Arrest Date & Time: 06/14/2026 01:54 |

Docket #: ____________________

The People of the State of New York -vs-
PIN: 802190
HERRERASOLIS, ALEX
DOB: 10/12/2004
} Defendant

Count # 2

— CONTINUED FROM PREVIOUS PAGE —

**TO WIT:**
...SUM AND SUBSTANCE, "I WAS COMING FROM THAT WAY, I AM JUST TRYING TO GO HOME." THE DEFENDANT FURTHER STATED TO YOUR DEPONENT IN SUM AND SUBSTANCE, "I HAD TWO MODELOS." BASED ON YOUR DEPONENT'S TRAINING, KNOWLEDGE, AND EXPERIENCE AS A POLICE OFFICER IN THE RECOGNITION OF INTOXICATED AND IMPAIRED INDIVIDUALS, YOUR DEPONENT'S DIRECT OBSERVATIONS OF THE DEFENDANT, AND THE ORAL STATEMENTS OF THE DEFENDANT TO YOUR DEPONENT IN SUM AND SUBSTANCE, "I WAS COMING FROM THAT WAY, I AM JUST TRYING TO GO HOME," AND "I HAD TWO MODELOS," YOUR DEPONENT DETERMINED THE DEFENDANT TO BE INTOXICATED. THE DEFENDANT WAS PLACED UNDER ARREST FOR DRIVING WHILE INTOXICATED AND TRANSPORTED TO THE SUFFOLK COUNTY POLICE DEPARTMENT FIRST PRECINCT FOR ARREST PROCESSING. THIS ARREST IS BASED IN PART ON YOUR DEPONENT'S TRAINING, KNOWLEDGE, AND EXPERIENCE AS A POLICE OFFICER IN THE RECOGNITION OF INTOXICATED AND IMPAIRED INDIVIDUALS, YOUR DEPONENT'S DIRECT OBSERVATIONS OF THE DEFENDANT, AND THE ORAL STATEMENTS OF THE DEFENDANT TO YOUR DEPONENT IN SUM AND SUBSTANCE, "I WAS COMING FROM THAT WAY, I AM JUST TRYING TO GO HOME," AND "I HAD TWO MODELOS." THIS ARREST IS ADDITIONALLY BASED IN PART ON THE ATTACHED SWORN STATEMENT OF THE DEFENDANT, ALEX HERRERA SOLIS (DOB: 10/21/2004), DATED 06/14/2026.

THIS CHARGE IS BASED UPON COMPLAINANT'S PERSONAL KNOWLEDGE AND ON INFORMATION AND BELIEF, THE SOURCE(S) BEING: ATTACHED SWORN STATEMENT OF ALEX HERRARA SOLIS (DOB: 10/12/2004), DATED 06/14/2026.

**FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW, STATE OF NEW YORK.**

**Police Officer T. STEINMAN #PO/7218** — **06/14/2026 07:51**
Complainant - if Police Officer, Rank, Shield — Date
Electronically signed, authenticated by password

**Sergeant B. CAMILLERI #SGT/1238** — **06/14/2026 08:18**
Signature of Official Administering Oath — Date
Electronically signed, authenticated by password

# EXHIBIT H

**U.S. DEPARTMENT OF HOMELAND SECURITY** **Warrant for Arrest of Alien**

File No. 215 768 856

Date: 07/23/2026

**To:** **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that HERRERA-SOLIS, ALEX is removable from the United States. This determination is based upon:

- ☐ the execution of a charging document to initiate removal proceedings against the subject;
- ☒ the pendency of ongoing removal proceedings against the subject;
- ☐ the failure to establish admissibility subsequent to deferred inspection;
- ☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or
- ☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

KATHERINE D REY Digitally signed by KATHERINE D REY Date: 2026.07.27 12:16:25 -04'00'

(Signature of Authorized Immigration Officer)

K 6647 REY - (A) SDDO

(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at Central Islip office (Location)

on HERRERA-SOLIS, ALEX (Name of Alien) on 7/29/26 (Date of Service), and the contents of this

notice were read to him or her in the English (Language) language.

Do Mejia [signature]

Name and Signature of Officer

Name or Number of Interpreter (if applicable)

# EXHIBIT I

*Office of Enforcement and Removal Operations*

U.S. Department of Homeland Security
535 Federal Plaza
Central Islip, NY 11722

U.S. Immigration and Customs Enforcement

July 26, 2026

MEMORANDUM TO FILE
RE: Herrera-Solis, Alex Omar

A215 768 856

SUBJECT: Cancellation of Form I-220A

This memo is to document that ICE cancelled the most current Order of Release on Recognizance (Form I-220A) issued to the alien listed above on or about September 18, 2018, in the exercise of ICE's broad discretionary authority under 8 U.S.C. § 1226(b) and 8 C.F.R. § 1236.1(c)(9). This memo has been created because the Form I-220A is not immediately available to complete and serves as notice of cancellation on the date listed below in lieu of completing the cancellation portion of the Form I-220A itself.

BRYAN J FLANAGAN — Digitally signed by BRYAN J FLANAGAN Date: 2026.07.27 14:38:13 -04'00'

Bryan Flanagan
Assistant Field Office Director
ICE/ERO
New York Field Office

July 26, 2026

Date of Cancellation

# EXHIBIT J

ERO NEW YORK CITY FIELD OFFICE

**INA § 236(a) Initial Custody Determination**

Name HERRERA-SOLIS, Alex Omar A-Number 215768856 Arrest Date & Time 7/29/2026 06:52

☐ Individual is subject to § 236(a)—(Fill Out Below)
☒ Individual is NOT subject to § 236(a)—(Skip to Bottom and Sign) "Not a class member." KR 8/3/26

---

**Instructions**: Pursuant to a settlement reached in *Velesaca v. Decker*, No. 20-cv-1803 (SDNY), ERO Officers at the New York City Field Office must utilize this form as part of the initial individualized custody determination under INA § 236(a). Detention under INA § 236(a) is discretionary, and ERO officers must make individualized determinations in each case.

Pursuant to federal regulation 8 C.F.R. § 236.1(c)(8), in making an initial custody determination under INA § 236(a), ERO may release a noncitizen who establishes to the satisfaction of the immigration officer that (1) the noncitizen does not pose a danger to persons or property, and (2) the noncitizen is likely to appear at all future proceedings.

When conducting an individualized initial custody determination, the officer must first consider whether the noncitizen has demonstrated that he or she is not a danger to property or persons. Only if the noncitizen has satisfied the immigration officer that he or she is not a danger to property or persons should the officer proceed to a flight risk analysis.

**Danger to the Persons or Property:**
In assessing whether an individual currently presents a "danger to persons or property," officers may consider any relevant factors, including, but not limited to: the extensiveness and seriousness of any criminal arrest or conviction; the length of time that has passed since any such arrest or conviction; the sentences imposed; criminal history not known to the immigration officer but disclosed by the noncitizen; statements from the noncitizen regarding dangerous or illegal conduct; evidence of rehabilitation; compliance with sentences; employment history and ties to the community. This list is non-exhaustive and does not preclude officers from considering other aggravating or mitigating factors relevant to determining whether the individual currently presents a "danger to persons or property."

Has the individual established that he/she does not pose a danger to persons or property?
☐ Yes ☐ No

Discussion (if more space is needed, please attach additional page(s)):

---

---

---

*Please see back of form*

**Flight Risk:**
Factors to consider for flight risk may include, but are not limited to: whether the individual has a fixed address in the U.S.; the length of residence in the U.S.; family ties in the U.S.; employment history; record of appearance in court; criminal history (including how recent and serious); identified disabilities or medical conditions; history of immigration violations; manner of entry into the U.S.; attempts to flee prosecution; and whether an individual has upcoming court dates in state or local courts.

Has the individual established that he/she does not pose a flight risk? ☐ Yes ☐ No

If the noncitizen does pose a flight risk, have you determined that no forms of release on conditions can mitigate the risk of flight? ☐ Yes ☐ No

Discussion (if more space is needed, please attach additional page(s)):

______________________________

______________________________

______________________________

**Special Vulnerabilities:**
The officer should consider whether the noncitizen has any identified special vulnerabilities, such as physical illness; mental illness; disability; elderly; pregnant; nursing; primary caretaking responsibility; sexual orientation/gender identity; or other special circumstance that warrants consideration. No one factor is determinative.

Have you asked and considered whether the individual has any special vulnerabilities?
☒ Yes ☐ No

Have you identified a special vulnerability? ☐ Yes ☒ No

***Please ensure your determination is consistent with current statutory and regulatory authority and applicable agency guidance.***

**INITIAL CUSTODY DETERMINATION**

☐ Bond is set at __________
☐ Release to ATD or other conditions
☐ Release on Recognizance
☒ Detain

Supervisory Detention and Deportation Officer: KATHERINE D REY Digitally signed by KATHERINE D REY Date: 2026.07.29 12:43:27 -04'00'

Date: ____________________ Time Completed*: __________
(* if not e-signed)